Argued June 6, affirmed July 18, 1962

# STATE OF OREGON *v.* MESHER ET AL

373 P. 2d 410

*Oscar D. Howlett,* Deputy District Attorney, Portland, argued the cause for appellant. With him on the brief was Charles E. Raymond, District Attorney for Multnomah County.

*Clifford N. Carlsen, Jr.,* Portland, argued the cause for respondents. With him on the brief were

King, Miller, Anderson, Nash & Yerke and Keith F. Sparks, Portland.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

O'CONNELL, J.

The defendants were indicted under ORS 167.151 for exhibiting a motion picture entitled "The Lovers." The state appeals from an order sustaining defendants' demurrer to the indictment. The demurrer was sustained on the ground that ORS 167.151 does not make unlawful the exhibition of motion pictures.

The relevant part of ORS 167.151 provides as follows:

"(1) No person shall knowingly disseminate obscene matter. A person disseminates obscene matter if he sells, delivers or provides, or offers or agrees to sell, deliver or provide, or has in his possession with intent to sell, deliver or provide any obscene writing, picture, device, record or other representation or embodiment of the obscene."

The question is whether the exhibition of a motion picture falls within the statutory definition of dissemination. Under the statute a person disseminates obscene matter if he *sells, delivers or provides* it. It is conceded that one who exhibits a motion picture neither "sells" nor "delivers" it. It is contended by the state, however, that the term "provides" embraces the idea of exhibition.

The legislative history of ORS 167.151 reveals that it was derived from the Model Penal Code, § 207.10, (Tentative Draft No. 6, 1957). The relevant

part of Senate Bill No. 542, which was substantially the same as § 207.10 (1) of the Model Penal Code, reads as follows:

"Section 1. (1) No person shall knowingly disseminate obscene matter. A person disseminates obscene matter if he:

"(a) Sells, delivers or provides, or offers or agrees to sell, deliver or provide, or has in his possession with intent to sell, deliver or provide any obscene writing, picture, record or other representation or embodiment of the obscene;

"(b) Presents or directs an obscene play, dance or other performance or participates directly in that portion thereof which makes it obscene; or

"(c) Publishes, exhibits or otherwise makes available anything obscene."

The bill was amended in the House to read as it was finally enacted.

It will be noted that sections (b) and (c) of Senate Bill No. 542 were deleted. The state contends that the deletion was made for the reason that these provisions were redundant, it being argued that the word "provides" in subsection (a) of the bill was considered broad enough to embrace the conduct specified in subsections (b) and (c) including the exhibiting of obscene matter. This is a possible reason for the legislative amendment. It is also possible that the amendment was intended to limit the scope of the crime. It may have been the intent of the legislature to strike at the traffic in obscene materials short of the exhibition of those materials through the medium of motion pictures. Those who drafted the Model Penal Code apparently felt that the word "provides" used in subsection (a) did not embrace the idea of publishing or exhibiting. The fact that a separately lettered subsection (subsection [c]) was employed

strongly suggests that the word "provides" in subsection (a) was intended to describe the furnishing of obscene materials only in the sense of selling, delivering, lending, giving or other methods of transfer. This interpretation of subsection (a) is fortified by the fact that the word "provides" is not ordinarily used to convey the idea of exhibiting something.

If, at the time of deleting subsection (c), the legislature had amended subsection (a) by adding or substituting a word which carried the same meaning as "exhibits" there would be a basis for interpreting the change as an effort to remove a redundancy, as the state has argued, but this was not the case.

Having decided that ORS 167.151 does not embrace the act charged in the indictment, it is not necessary to consider defendants' contention that the statute violates the guarantees of free expression found in Article I, § 8, Oregon Constitution, and in the First and Fourteenth Amendments to the United States Constitution.

The judgment is affirmed.

SLOAN, J., dissenting.

I dissent from the determination that the statute, as enacted, does not include the exhibition of motion picture films as a prohibited activity.

ROSSMAN and PERRY, Justices, join in this dissent.